IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TROY WAREING and JACKIE WAREING,<br><br>Plaintiff,<br><br>vs.<br><br>MERIDIAS CAPITAL, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, N.A., and DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:10-CV-165 TS |

This matter is before the Court on a number of pending motions, including: a Motion to Dismiss filed by Defendants ReconTrust Company N.A. ("ReconTrust") and Mortgage Electronic Registration Systems, Inc. ("MERS"); a Motion for Summary Judgment filed by Defendant Meridias Capital, Inc. ("Meridias"); a Motion for Summary Judgment filed by Plaintiffs; and a Motion for Extension of Time filed by Plaintiffs. For the reasons discussed below, the Court will grant Defendants' Motion to Dismiss and Motion for Summary Judgment, deny Plaintiffs' Motion for Summary Judgment, and deny as moot Plaintiffs' Motion for Extension of Time.

1

I. BACKGROUND

On or about December 15, 2006, Plaintiffs Troy and Jackie Wareing signed a Note in favor of Meridias Capital, Inc., in the principal amount of $236,241, to acquire property in South Jordan, Utah. On or about the same date, Plaintiffs signed a Deed of Trust securing the Note which identified Meridias Capital, Inc. as Lender, Commerce Land Title as Trustee, and MERS as Beneficiary as nominee for Lender and its successors and assigns. Under the terms of the Deed of Trust, "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." On July 16, 2009, ReconTrust was appointed as a substitute trustee and filed a Notice of Default.

Plaintiffs originally filed this action in state court and it was later removed to this Court. Plaintiffs' Complaint brings claims for declaratory judgment, slander of title, quiet title, and breach of good faith and fair dealing.

II. STANDARDS OF REVIEW

In considering whether a Complaint fails to state a claim upon which relief may be granted, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[2] All

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[3] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[4] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[6] In considering whether a genuine issue of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[7] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8] Both movants and nonmovants of summary judgment motions must support their assertions by "citing to particular parts of materials in the record" or "showing that the

---

[3]*GFF Corp.*, 130 F.3d at 1384.

[4]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6]FED. R. CIV. P. 56(a).

[7]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[8]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[9]

III. DISCUSSION

A. DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

The Motion to Dismiss filed by Defendants ReconTrust and MERS and the Motion for Summary Judgment filed by Meridias are largely the same and will be discussed together. As set forth above, Plaintiffs' Complaint brings claims for declaratory judgment, slander of title, quiet title, and breach of good faith and fair dealing.

*1. Declaratory Judgment*

Plaintiffs' claim for declaratory judgment rests on two theories that have been repeatedly rejected by this Court: the "split note" and "MERS lacks authority" theories. For the same reasons stated by this Court previously, the Court rejects Plaintiffs' claims under these theories. The Note has not been split, MERS had the authority to act as a beneficiary under the Deed of Trust, and ReconTrust was properly substituted as the Trustee. For these reasons, Plaintiffs' claim for declaratory judgment must fail.

---

[9] FED. R. CIV. P. 56(c)(1).

### 2. *Slander of Title*

"To prove slander of title, a claimant must prove that (1) there was a publication of a slanderous statement disparaging claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages."[10]

Plaintiffs allege Defendant MERS slandered title to Plaintiffs' property when it recorded documents purporting to have a beneficial interest in the Deed of Trust. Plaintiffs further allege that Defendants Meridias and ReconTrust slandered title by causing a Substitution of Trustee to be recorded against the property without the authority to do so. Plaintiffs also allege that ReconTrust slandered title by recording the Notice of Default.

Plaintiffs claims fail as there was no false statement. As set forth above, MERS was listed as the Beneficiary on the Deed of Trust. Further, the Substitution of Trustee was proper, as was the Notice of Default. Therefore, Plaintiffs' slander of title claim is without merit.

### 3. *Quiet Title*

For substantially the same reasons set forth above, Plaintiffs' quiet title claim also fails.

### 4. *Breach of Good Faith and Fair Dealing*

Plaintiffs' final claim is that ReconTrust has breached its duty of good faith and fair dealing. Because the Substitution of Trustee and Notice of Default were proper, this claim too fails.

Based on the above, the Court will grant Defendants' Motion to Dismiss and Motion for Summary Judgment.

---

[10]*First Sec. Bank, N.A. v. Banberry Crossing*, 780 P.2d 1256-57 (Utah 1989).

5

B.	PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed a joint memorandum in opposition to Defendants' Motion to Dismiss and in support of their own Motion for Summary Judgment. For the reasons set forth above, Defendants' Motion to Dismiss and Motion for Summary Judgment will be granted. Plaintiffs' own Motion for Summary Judgment merely raises arguments that have been repeatedly rejected by this Court and do not alter the outcome of the Court's determination of Defendants' Motion. Therefore, Plaintiffs' Motion for Summary Judgment will be denied.

C.	PLAINTIFFS' MOTION FOR EXTENSION OF TIME

On February 25, 2011, Plaintiffs sought an extension of time to file a response to any and all pending motions in this case. Plaintiffs' counsel represented that Plaintiffs terminated his representation and that new counsel would substitute in as counsel. Plaintiffs requested until March 7, 2011, to file any response. To date, new counsel has not made an appearance and no responses have been filed. Further, any response that would have been filed would not change the outcome of the resolution of the pending Motions. Therefore, the Court finds this request for an extension of time to be moot and it will be denied as such.

IV. CONCLUSION

It is therefore

ORDERED that Defendants ReconTrust and MERS' Motion to Dismiss (Docket No. 4) is GRANTED. It is further

ORDERED that Defendant Meridias' Motion for Summary Judgment (Docket No. 17) is GRANTED. It is further

ORDERED that Plaintiffs' Motion for Summary Judgment (Docket No. 13) is DENIED. It is further

ORDERED that Plaintiffs' Motion for Extension of Time (Docket No. 20) is DENIED AS MOOT.

The Clerk of the Court is directed to close this case forthwith.

DATED   March 17, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge